IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freda Williams, | ) | C/A No.: 1:15-1086-RBH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Federal Correctional | ) | |
| Institution Tallahassee, Florida, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Freda Williams ("Petitioner"), proceeding pro se and in forma pauperis, is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") in Tallahassee, Florida. She submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.      Factual and Procedural Background

Plaintiff alleges she was convicted of armed bank robbery in the United States District Court, District of South Carolina, Florence Division. [ECF No. 1-2 at 2]. A review of Petitioner's criminal case reflects that she entered a guilty plea to bank robbery by force or violence on September 1, 2009. *See United States v. Williams*, Cr. No. 4:09-

341-RBH-3 (D.S.C. Apr. 12, 2010), ECF Nos. 1, 82.[1] The court sentenced Petitioner to 134 months on April 12, 2010. *Id.* at ECF No. 141.  Petitioner did not file a motion to vacate her sentence under 28 U.S.C. § 2255.  [ECF No. 1-2 at 3–4].

On March 2, 2015, Petitioner filed this habeas petition alleging that her trial counsel was ineffective. [ECF No. 1 at 1–4]. Plaintiff states that trial counsel: (1) did not properly inform her of what it meant to brandish a firearm; (2) used a scare tactic to force her to enter into a plea agreement; and (3) did not tell her that she could withdraw her guilty plea or that her plea agreement was not binding on the court. *Id.* at 2–3.

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    Failure to file in the proper district court

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Petitioner is confined in Tallahassee, Florida. As this court lacks personal jurisdiction over Petitioner's custodian, it is recommended that this case be summarily

3

dismissed. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian."); *see also Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (concluding that "phrase 'within their respective jurisdictions' in § 2241(a) identifies the proper location of the federal district in which a habeas petition should be filed").

> 2. Transfer to the proper district court would not further the interests of justice

A district court should transfer a habeas petition to the proper district court, if such transfer would further the interest of justice. *See* 28 U.S.C. § 1631. However, transfer of a case is not mandatory, *see Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004), and a "district court retains discretion to dismiss a wrongly filed petition" where transfer would waste judicial resources. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013). As explained below, even if the instant action had been properly filed in this court, it would still be subject to summary dismissal. Thus, transfer of this case to the United States District Court for the Northern District of Florida does not promote the interest of justice.

> 3. A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*,

617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)

(en banc)). Petitioner seeks relief from her federal sentence and conviction.  Accordingly,

the relief she requests is only available, if at all, under § 2255, unless that statute is shown

to be inadequate and ineffective to test the legality of Petitioner's detention.  *See In re*

*Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

> 4..    Petitioner does not demonstrate that § 2255 would be inadequate or
> ineffective to test the legality of her detention

To challenge her federal conviction and sentence under § 2241, Plaintiff must

satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by
> motion, to the court which sentenced her, or that such court has denied her
> relief, unless it also appears that the remedy by motion is inadequate or
> ineffective to test the legality of her detention.

28 U.S.C. § 2255(e); *Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner indicates

that she did not file a § 2255 motion in the sentencing court. [ECF No. 1-2 at 3–4].

However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective

merely because an individual has been unable to obtain relief under that provision, or

because an individual is procedurally barred from filing a § 2255 motion."  *See In Re*

*Vial*, 115 F.3d at 1194 n.5 (citations omitted). Additionally, Petitioner fails to satisfy

criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be

inadequate or ineffective to test the legality of a prisoner's detention.  In *In re Jones*, the

court held that a petitioner must show that:

5

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Petitioner provides no facts to demonstrate that the conduct for which she was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner alleges that her trial counsel provided ineffective assistance of counsel. [ECF No. 1]. Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, and this case is subject to summary dismissal.[3]

Petitioner is well beyond the one-year statute of limitations for filing a § 2255 motion in the sentencing court. *See* 28 U.S.C. § 2255(f). Therefore, it is not in the interest of justice to recharacterize Petitioner's claim as a § 2255 motion.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the petition in the above-captioned without prejudice.

---

[3] To the extent Petitioner is attempting to challenge her sentence, Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333–34).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 14, 2015                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).